UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    10 CV 38 (SJ)

       v.

                                                    <u>ORDER
TERMINATING
SUPERVISION</u>

BYRON JONES,
                 Defendant.
----------------------------------------------------X

A P P E A R A N C E S
LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:   Tyler Smith
Attorney for the United States

FASULO SHELLY & DIMAGGIO
225 Broadway Suite 715
New York, NY 10007
By:   AARON M. GOLDSMITH
Attorney for Defendant

**JOHNSON, Senior District Judge:**

      Defendant Byron Jones ("Defendant" or "Jones") was sentenced to 204 months' incarceration and five years supervised release after a 1993 conviction for two crack cocaine-related offenses in the Western District of North Carolina. On August 17, 2007, Jones completed the custodial portion of his sentence and was

1

placed on supervise release. On February 13, 2010, the matter was transferred to this district, where Jones now resides. After serving four years and two months of his five year term of supervised release, Jones filed the instant motion on September 19, 2011, seeking to terminate the remainder of his supervision.

On September 20, 2011, I directed the government to show cause why the application should not be granted. The order went unanswered until November when Jones, through counsel, moved the Court to treat his motion as unopposed. The government's opposition soon followed.

On November 30, 2011 and December 8, 2011, I heard argument from both parties and, at the December 8, 2011 hearing, a representative from the Probation Department also appeared and was heard. The parties agree that 18 U.S.C. § 3583(e) permits the discharge of Defendant's period of supervised release, and, for the most part, also agree that Defendant's post-release conduct to-date is respectable, as he has never been violated. However, the government argues that Jones was involved in a domestic dispute leading to a 2009 arrest which could have resulted in a violation if not for Jones agreeing to enroll in an anger management class. Additionally, the government submits that in any event Jones' conduct was not "exceptionally good," but merely compliant, and that termination of supervised release is inappropriate without more. (See Docket No. 14 at 1 (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).)

However, I find that the government is reading Lussier too narrowly. While the case undoubtedly provides authority to reduce or terminate a period of supervised release for "exceptionally good" behavior, the Second Circuit did not intend by this language to be so formulaic or reductionist:

> Occasionally, changed circumstances -- for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release -- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

Id. While a defendant's fulfillment of the conditions imposed is certainly a factor (and perhaps the weightiest factor) in determining whether a modification of supervision is in order, Lussier suggests that this is but one factor, and only one type of "changed circumstance." Lussier's language instead suggests that the matter requires an examination of the totality of circumstances on a case-by-case basis.

Therefore, taking all factors into account, including specifically Jones' record of employment; commitment to helping those in need through his work with the mentally ill, homeless, substance-addicted and/or those recently released from prison; his changed circumstances (in the way of his mother's diagnosis of cancer); his provision of support for his wife and three children; and his completion of all but eight months of a five-year term of supervision without once being formally violated, I HEREBY GRANT Jones' motion for early termination of supervision. This outcome not only comports with 3583(e)'s mandate that "such [termination be]

warranted by the conduct of the defendant released and the interest of justice," but also takes into account the impact of the current fiscal crisis on the Probation Department, whose resources would be better applied to the supervision of individuals more likely to re-offend than Jones appears to be.

    SO ORDERED.


Dated: December 13, 2011                 _____/s_____
       Brooklyn, New York           Sterling Johnson, Jr., U.S.D.J.